NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANBO ZHU; HAIJIU JING; YUCHAO JING,

               Petitioners,

  v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.   17-72366

Agency No. A200−266−535
             A200−266−536
             A200−266−537

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2020[**]
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Petitioner Yanbo Zhu, her spouse, and her child, natives and citizens of the

People's Republic of China, seek review of the decision of the Board of

Immigration Appeals ("BIA") denying asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1] Zhu also seeks review of the BIA's adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence "denials of asylum, withholding of removal, and CAT relief" as well as "factual findings, including adverse credibility determinations." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citations omitted). To reverse, we "must determine that the evidence not only *supports* a contrary conclusion, but *compels* it." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (citation omitted).

Because "the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,'" we "review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)).

Here, the IJ identified, and the BIA relied on, specific instances of inconsistencies, lack of detail, and omissions in Zhu's testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1040, 1044 (9th Cir. 2010) (observing that inconsistency, candor, and lack of detail are all relevant factors under the totality of the

---

[1] Zhu's spouse and child have a derivative asylum claim through Zhu, and therefore their claims rise or fall with hers. *See* 8 U.S.C. § 1158(b)(3).

circumstances approach). For example, the IJ found an inconsistency between Zhu's testimony and the evidentiary record with respect to the removal of the allegedly forcibly inserted intrauterine device ("IUD"). Zhu testified that she had experienced severe side effects and had been self-medicating with pain relievers following the IUD's insertion, but, the record shows that she waited approximately nine months after entry into the United States to have the IUD removed. When asked about the delay, Zhu was unable to provide an explanation. Nothing in the record compels a conclusion that the adverse credibility finding was erroneous.

While Zhu argues that there are alternative explanations for the inconsistencies, "the IJ adequately identified problems with [Zhu]'s testimony . . . and we are not compelled to conclude that [Zhu] was credible."[2] *Wang*, 861 F.3d at 1008; *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (noting that plausible alternative explanations for inconsistencies do "not compel the finding that the IJ's unwillingness to believe [the petitioner's] explanation . . . was erroneous").

Moreover, Zhu's contention that the BIA's affirmance of the IJ's decision

---

[2] Because we find the BIA's conclusions were supported by substantial evidence, we need not consider whether the decision can be upheld on the basis that Zhu failed to produce adequate corroborative evidence. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1046 (9th Cir. 2016) (considering corroborative evidence only after finding the adverse credibility determination was not supported by substantial evidence).

was erroneous based on the lack of notice given to her to produce the second medical booklet is unavailing. In evaluating whether Zhu was coerced into a forced abortion, the IJ reviewed all the medical records Zhu submitted, and when the IJ asked Zhu about the booklet Zhu did not provide, the IJ found Zhu's explanation insufficient—that her sister could not locate the second medical booklet that documented medical appointments around her pregnancy. Neither the IJ nor the BIA were obligated to give Zhu notice that this specific booklet be produced given our determination that the non-corroboration grounds for the adverse credibility determination are supported by substantial evidence. *See Bhattarai*, 835 F.3d at 1043 ("The notice-and-opportunity requirement applies when the applicant's testimony is 'otherwise credible.'" (citation omitted)).

Therefore, because we are not compelled to reverse the IJ's finding that Zhu was not credible or that her testimony was not sufficiently corroborated, Zhu's asylum application fails. Because Zhu bases her withholding of removal and CAT claims on a finding that she was credible, these claims also fail. Zhu's failure to meet her burden of proof for her asylum claim means that she "necessarily fails to carry the greater burden of establishing eligibility for withholding of removal." *See Wang*, 861 F.3d at 1009. In addition, Zhu's CAT claim also fails because, without credible testimony, the remaining evidence does not compel a finding of clear probability of torture upon her return to China. *See id*.

4

The petition for review is **DENIED**.